TAYLOR, HALE and MURDOCK *against* CHURCH.

ACTION for a libel. The plaintiffs were merchants, doing business at Columbus, Miss. The defendant was engaged in ascertaining the standing and credit of merchants residing and doing business in the southern and southwestern states, and communicating such information to certain merchants in New York, who were doing business with the merchants in those states.

The libel complained of was a letter written by the defendant at Columbus, reflecting unfavorably upon the character and credit of the plaintiffs, and forwarded to a mercantile firm in New York for the use of that firm and thirty-six others, for whom the defendant was collecting information. Some of the firms had business transactions with the plaintiffs, and others had not. After the return of the defendant to New York, he caused his letters, including the one complained of, to be printed for distribution among his employers, and sold and distributed such letters privately to those employers, and to some other persons.

On the trial it was proved by Cassidy, called by the plaintiffs, that he printed the letters at the defendant's request. On his cross-examination, he was asked if the defendant requested him to do the printing in as private and confidential a way as he could, and if he promised to do so. This was objected to, and the objection sustained. The judge charged the jury, that if they were satisfied that the defendant was influenced by actual malice, they might give exemplary damages, but not otherwise. This was excepted to by the defendant. The plaintiffs obtained judgment.

The judgment was reversed and a new trial ordered by the Court of Appeals, on account of the exclusion of

the facts offered to be proved by Cassidy, which were proper, as bearing upon the question of damages.

The court held that the letter in question, published as it was, could not be regarded as a privileged communication.

The point as to the allowance of exemplary damages was not passed upon.

(S. C., 1 E. D. Sm. 279 ; 9 How. Pr. 190 ; 8 N. Y. 452.)